IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00367-MR

CHRYSTAL EVANS-LLOYD DAVIS, )
)
          Plaintiff, )
)
vs. ) **MEMORANDUM OF**
) **DECISION AND ORDER**
ANDREW SAUL, Commissioner )
of Social Security, )
)
          Defendant. )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Commissioner's Motion for Summary Judgment [Doc. 13].

**I.    BACKGROUND**

On September 23, 2014, Chrystal Evans-Lloyd Davis (the "Plaintiff") filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of February 28, 2014. [Transcript ("T.") at 12]. On February 6, 2017, the Plaintiff filed an application for supplemental security income under Title XVI of the Act, also alleging an onset date of February 28, 2014. [Id.]. The Plaintiff's requests were initially denied on January 8, 2015, and upon reconsideration on April 22, 2015. [Id.].

On the Plaintiff's request, a hearing was held on May 10, 2017 before an Administrative Law Judge ("ALJ"). [Id. at 20-56]. On June 27, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of February 28, 2014. [Id. at 12]. On May 7, 2018, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1-6]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

3

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date, February 28, 2014. [Id. at 15]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "spondylosis of cervical region without myelopathy or radiculopathy; degenerative disc disease, lumbosacral; osteoarthritis of spine with radiculopathy, lumbar region; degenerative joint disease, ankle and foot, right; degenerative joint disease, knee; major depressive disorder recurrent; obesity." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or

medically equals the Listings. [Id. at 15-17]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional limitations. Specifically, the claimant could lift no more than 20 pounds occasionally, lift and/or carry up to 10 pounds frequently, stand and/or walk for about 6 hours and sit for up to 6 hours in an 8-hour workday, with normal breaks and with a sit-stand option. The claimant could frequently push and pull with her left lower extremity, frequently use her bilateral upper extremities for overhead reaching, and frequently engage in feeling with her right upper extremity. The claimant could frequently balance, crouch, kneel, crawl, and climb ramps and stairs. The claimant could occasionally stoop, and never climb ladders, ropes, or scaffolds. The claimant could tolerate no more than occasional exposure to dust, odors, fumes, and pulmonary irritants. The claimant would need to avoid concentrated exposure to heights, moving machinery, and similar hazards. The claimant's work is limited to simple, routine, and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work-related decisions and routine workplace changes.

[Id. at 17-18].

At step four, the ALJ identified the Plaintiff's past relevant work as a retail sales manager, a site supervisor, a spot welder, and a habilitation technician. [Id. at 51]. The ALJ observed, however, that the Plaintiff is "unable to perform any past relevant work." [Id.]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's

7

age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including folder, inspector, and sorter. [Id. at 22]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from February 28, 2014, the alleged onset date, through June 27, 2017, the date of the decision. [Id. at 23].

## V.   DISCUSSION[1]

As one of her assignments of error, the Plaintiff alleges that the ALJ failed to account for the Plaintiff's moderate difficulties with concentration, persistence or pace in the RFC. [Doc. 12 at 12-13].

At step three, the ALJ found that the Plaintiff's mental condition causes her to have moderate limitations in understanding, remembering or applying information; concentrating, persisting, or maintaining pace; and adapting or managing herself. [T. at 16-17]. The ALJ also found that the Plaintiff has mild limitations in interacting with others. [Id. at 16]. The ALJ's RFC limited the Plaintiff to "simple, routine, and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work-related decisions and routine workplace changes." [Id. at 18].

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

The Fourth Circuit has held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) (quoting Winschel v. Comm'r, 631 F.3d 1176, 1180 (11th Cir. 2011)). Because "the ability to perform simple tasks differs from the ability to stay on task," id. (emphasis added), an RFC limited to simple, routine tasks or unskilled work fails to adequately account for moderate limitations in concentration, persistence, and pace.

This Court has previously concluded that an RFC limited to simple, routine tasks or unskilled work in a low stress or non-production environment, without more, also fails to adequately account for moderate limitations in concentration, persistence, and pace. Williams v. Berryhill, No. 1:16-CV-00064-MR, 2017 WL 927256, at *6 (W.D.N.C. Mar. 8, 2017). The majority of North Carolina federal courts considering this issue post-Mascio have agreed. See id. (citing Franklin v. Colvin, No. 5:14-cv-84-MOC-DLH, 2016 WL 1724359, at *6 (W.D.N.C. Apr. 29, 2016) (holding that limiting RFC to "simple, one-step tasks in a low stress work environment, defined as one that does not involve production/assembly-line/high speed work or contact with the public" did not adequately address claimant's moderate limitations in concentration, persistence, and pace); Jones v. Colvin, No. 4:14-CV-

00200-RN, 2015 WL 4773542, at *5-6 (E.D.N.C. Aug. 13, 2015) (holding that limitation to simple, routine, repetitive tasks in low production environment did not adequately address claimant's moderate limitations in concentration, persistence, and pace); Hagerdorn v. Colvin, No. 2:12-cv-29-RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015) (finding that limitations to simple, routine, and repetitive tasks in a low-production, low-stress work setting did not account for the claimant's moderate limitations in concentration); Scruggs v. Colvin, No. 3:14–cv–00466–MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) (finding that an ability to perform simple, routine, repetitive tasks in a nonproduction environment, without more, does not account for claimant's moderate difficulties in concentration, persistence, and pace); Ravnor v. Colvin, No. 5:14-CV-271-BO, 2015 WL 1548996, at *2 (E.D.N.C. Apr. 7, 2015) (remanding where the hypothetical posed to the VE did not pose any limitations related to concentration and persistence other than limiting plaintiff to simple, routine tasks and the ALJ's written decision limited plaintiff to work with simple instructions and work-related decisions as well as no fast-paced production); Salmon v Colvin, No. 1:12-cv-1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015) (holding that a hypothetical limiting claimant to "simple, routine, repetitive tasks in that [she] could apply commonsense understanding to carry out instructions furnished on a written,

oral, or diagrammatic form" did not account for claimant's moderate limitations in concentration, persistence, and pace and did not address her ability to say on task)).

Here, the ALJ limited the Plaintiff to "simple, routine, and repetitive tasks" and "to a work environment free of fast-paced production requirements involving only simple work-related decisions and routine workplace changes." [T. at 18]. The ALJ's decision, however, fails to account for claimant's moderate limitations in concentration, persistence, and pace. Further, the ALJ's decision says nothing about the Plaintiff's moderate limitation in adapting or managing herself or the Plaintiff's mild limitation in interacting with others. A remand is necessary under these circumstances so the ALJ can further consider the impact of the Plaintiff's limitations on the Plaintiff's ability to engage in sustained work activity.[2]

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. In assessing the Plaintiff's limitations on remand, the ALJ

---

[2] The Commissioner did not argue that this conflict, if apparent, would be harmless; therefore, the Court declines to reach that question now. See United States v. Hall, 858 F.3d 254, 280 n.8 (4th Cir. 2017) (explaining that government may waive harmless error argument) (citing Fed. R. App. P. 28(b)).

should explain how the RFC accounts for any of the Plaintiff's moderate limitations in concentration, persistence, and pace.  See Williams, 2017 WL 927256, at *6.[3]

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED**, and the Commissioner's Motion for Summary Judgment [Doc. 13] is **DENIED**.  Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.  A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 5, 2019

Martin Reidinger
United States District Judge

---

[3] Because the Court has determined that a remand is necessary on this ground, the Court need not address the Plaintiff's other assignments of error.